Plaintiff has failed to prove by the greater weigh that her fibromyalgia is causally related to her compensable injury by accident of May 15, 1992. In determining complex causation in workers compensation cases, the Commission may consider medical testimony. Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359
(1983). Dr. Senter, Dr. Rice and Dr. Lapp provided medical testimony regarding causation and in weighing all of the medical testimony of record plaintiff has failed to prove causation.
Although Dr. Senter related plaintiffs fibromyalgia to the May 1992 injury, he admitted that this opinion was based on the history of the onset of the condition which plaintiff had provided to him. When provided with the accurate treatment history and history of physical complaints, Dr. Senter stated that this changed the picture considerably and that based upon this information he could not causally relate the development of plaintiffs fibromyalgia to the May 15, 1992 left hip injury. He opined that the August 6, 1992 episode was the major aggravating factor as far as the development of plaintiffs fibromyalgia. Following his deposition on June 12, 1998, Dr. Senter wrote to plaintiffs attorney on June 20, 1998 attempting to show a causal relation. The three-page letter was not subject to cross-examination and not under oath. Furthermore, the letter to Mr. Morgan was not copied to counsel for defendant. Therefore, this letter evidence deserves little weight. Overall, Dr. Senters testimony fails to establish a causal relation.
In addition plaintiff was examined by Dr. John Rice, who is an Assistant Professor of Medicine in the Division of Rheumatology and Immunology with Duke University School of Medicine. Dr. Rice is board certified; and in addition to his teaching duties, he sees patients on a full time basis and has published four articles on fibromyalgia in addition to numerous articles on other topics. Dr. Rice was a contributor to the Consensus Report on Fibromyalgia, which was cited by the other physicians deposed in this case. Following the physical examination, and reviewing the plaintiffs treatment records relative to the May 15, 1992 incident and forward, Dr. John Rice formed the impression that she had a chronic pain syndrome with fibromyalgia, recurrent headache, chronic fatigue, sleep disturbance, and depression. She also had arthritis. Dr. Rice opined that plaintiffs fibromyalgia was not causally related to the compensable injury. Dr. Rice found plaintiffs condition chronologically was related to the onset of the shoulder symptoms of August of 1992 or was due to the stress related to her family financial and health problems.
Finally, plaintiff was referred to Dr. Charles Lapp by her attorney for an independent evaluation. Although Dr. Lapp related plaintiffs fibromyalgia to the May 15, 1992 incident in which she strained her left hip, Dr. Lapp is not as experienced in the area of fibromyalgia nor is he as familiar with the academic literature or empirical studies of fibromyalgia symptoms as Dr. Rice or Dr. Senter.
In the instant case, plaintiffs medical treatment history indicates that her left hip strain had resolved by or shortly after June 23, 1992. She began to voice complaints of neck pain on her left side in July of 1992 while experiencing a viral infection. The medical literature clearly describes cases of the onset of fibromyalgia following such an infection. Even if one is not persuaded that this infection was the cause of the plaintiffs fibromyalgia, then the history of onset of her left shoulder pain after the lifting incident at work on August 6, 1992 clearly establishes an injury in the same area. While a circumstantial or chronological association between plaintiffs symptoms and workplace exposure may prove causation, as noted by the Court inKeel v. H V, Inc., 107 N.C. App. 536, 421 S.E.2d 362 (1992), the history of the onset of plaintiffs symptoms would clearly eliminate the May incident as the likely genesis for her condition, and would point to either the July viral infection, the August lifting incident or a combination of the two. However, the May 15, 1992 compensable injury would clearly be eliminated as a possible cause of her fibromyalgia. Finally, plaintiff was a self-stressing person and she had significant stressors due to her husbands health condition and the resultant financial pressures. Therefore, plaintiffs August 6, 1992 incident, her familys financial problems, or her stress due to her husbands health, or a combination thereof, were the likely cause of her fibromyalgia.
Where competent medical authority relates plaintiffs fibromyalgia to an incident for which no claim has been filed, and where the plaintiff did not seek to offer evidence to show that her condition was an occupational disease, her claim must be denied. Therefore, I must respectfully dissent.
 S/_______________ DIANNE C. SELLERS COMMISSIONER